IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3145-D

| | | |
|---|---|---|
| JOHN JOSEPH SHORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

John Joseph Shorter ("Shorter" or "plaintiff"), a federal inmate imprisoned at the Federal Correctional Institution - Medium in Butner, North Carolina ("Butner"), filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1]. Shorter asks the court to order the United States to pay him $8,600.00 for the loss, mishandling, or destruction of his personal and legal property by the Federal Bureau of Prisons ("BOP") through its carrier, United Parcel Service ("UPS"). Compl. 1. On December 21, 2009, the United States of America ("United States" or "defendant") filed a motion to dismiss or, in the alternative, a motion for summary judgment [D.E. 11] with a supporting memorandum of law [D.E. 12]. See Fed. R. Civ. P. 12(b)(1), 12(b)(6), 56. The court construes the motion as a motion for summary judgment because defendant relies on materials outside the pleadings. See Fed. R. Civ. P. 12(d). On December 23, 2009, the court notified plaintiff about defendant's motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 13]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 15, 2010, Shorter responded in opposition [D.E. 14, 15, 16]. As explained below, the court grants defendant's motion for summary judgment [D.E. 11].

I.

On April 16, 2007, Shorter reported with his packed personal property to the Receiving and Departure department at FCI Greenville, Illinois ("Greenville") in preparation for his transfer to Butner. Compl. 3. Shorter packed his personal property in two boxes and his legal documents in three additional boxes. Id. The BOP officer handling the pack-out inquired about the value of the property, and Shorter signed the pack-out forms agreeing that no individual item exceeded $100.00 in value. Id. Shorter also received a packing sheet for each box of personal property. Id.

On April, 17, 2007, Shorter left Greenville. Id. at 4. On April 23, 2007, Shorter arrived at Butner. Cox Decl. ¶ 5.

According to Shorter, BOP employee Jennifer Daugherty contacted UPS and gave UPS Shorter's boxes of personal and legal property for delivery to Butner. Compl. 4. UPS assigned a separate number to each box. Id. On April 30, 2007, the BOP shipped Shorter's boxes via UPS. See Cox Decl. ¶ 8. On May 2, 2007, UPS delivered four boxes to Butner. Compl. 4. Shorter alleges that UPS failed to deliver one box containing his most important legal and personal documents. See id.

After attempts to locate the missing box proved unsuccessful, UPS reportedly advised Shorter, "We regret that your shipment with UPS was lost . . . [i]n order to expedite the processing of a claim, please promptly submit the required shipment information . . . A bar-coded Request for claim Payment form is attached for your convenience." Id. at 4–5 (omissions and alterations in original). Shorter completed the form, and his unit counselor faxed it to UPS. Id. at 5. Shorter alleges that UPS offered to pay the BOP $100.00 for the claim, because the BOP contracted for the service. Id. Shorter rejected UPS's offer because the value of his lost property exceeded $100.00. Id.

2

On January 18, 2008, Shorter filed a "Claim for Damage, Injury, Or Death (Standard Form 95)" for $8,600.00 for his lost property with the BOP's Mid Atlantic Regional Office ("Regional Office"). Id.[1] Shorter claims that the BOP was negligent for not returning his property to him and is responsible for the negligent acts of its carrier, UPS. Id. On May 21, 2008, Shorter received a $100.00 settlement offer from the Regional Office. See id. at 2. Shorter signed the "Denial of Settlement Offer" and decided to file a federal tort claim. Id.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted) (emphasis removed). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Initially, defendant asks the court to grant summary judgment because Shorter allegedly failed to timely file this action following the BOP's final denial of the claim. Def.'s Mem. Supp.

---

[1] Shorter itemizes the contents and value of the box as follows: 1) over 16,000 pages of legal documents at a cost of $0.50 per page ($8,250.00); 2) prescription eyeglasses ($100.00); 3) 4th Edition Black's Law Dictionary ($100.00); 4) 1998 United States Sentencing Guidelines Manual ($100.00); 5) Post Conviction Booklets (Habeas Corpus Relief) ($50.00). See Compl. 5.

3

6–7. In support, defendant relies on the declaration of Lynnell Cox, a Paralegal Specialist at the Federal Correctional Complex in Butner. See Cox Decl. ¶ 1.

Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). On April 29, 2008, the BOP's Regional Counsel for the North Central Region ("Regional Counsel") offered to settle Shorter's administrative tort claim for $100.00. See Cox Decl. ¶ 15 & Attach. 2. Regional Counsel also informed Shorter that if he rejected the offer, he should "consider this memorandum as a notification of final denial under 28 CFR § 14.9, Final Denial of Claim." Cox Decl. Attach. 2; Compl. app. at 001. In addition, Regional Counsel notified Shorter that he may file suit in federal court "no later than 6 months after the date of mailing of this notification," if he did not accept the offer. Cox Decl. Attach. 2; Compl. app. at 001.

Because Shorter rejected the BOP's settlement offer, the United States argues that the final denial of the claim occurred on April 29, 2008. See Def.'s Mem. Supp. 5; cf. Cox Decl. ¶ 16; Compl. app. at 001, 002. Defendant claims that under 28 U.S.C. § 2401(b) Shorter had until October 29, 2008, to file his tort action. Def.'s Mem. Supp. at 6. Because Shorter filed suit on November 7, 2008, defendant contends that Shorter's claim is time-barred. Id.

Viewing the evidence in the light most favorable to Shorter, he signed his complaint on October 20, 2008, and provided it to prison officials for mailing on that same date. See Compl. 8–9; see also id. app. at 1. The court received plaintiff's filing on November 7, 2008. Id. at 1. Providing Shorter the benefit of the prison "mailbox rule," the court construes the date plaintiff filed his complaint as October 20, 2008. See, e.g., Houston v. Lack, 487 U.S. 266, 270–76 (1988); Lewis v.

4

Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (per curiam). Thus, Shorter's complaint was filed within six months of the final denial of his claim and is, therefore, timely. See 28 U.S.C. § 2401(b).

Next, the United States contends that Shorter's claim is statutorily barred by an exception to the FTCA. Def.'s Mem. Supp. 7–9. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Prisoners "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963) (footnote omitted).

A litigant cannot recover damages from the United States in a tort action unless Congress waived sovereign immunity and authorized suit under the FTCA. See Lane v. Pena, 518 U.S. 187, 192 (1996). The FTCA waives sovereign immunity, but contains specific exceptions. See 28 U.S.C. § 2680. Defendant argues that the "law enforcement officer" exception preserves immunity as to plaintiff's claim. See Mem. Supp. 7–9. The law-enforcement officer exception states that the FTCA "shall not apply to . . . [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any . . . property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). In Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008) the Supreme Court held that under the law-enforcement officer exception, a federal prisoner may not bring an FTCA claim against the BOP for property that was lost during his transfer to another prison. Id. at 218–21, 228; see also Parrott v. United States, 536 F.3d 629, 635–36 (7th Cir. 2008); Klimaszewski v. U.S.P. Hazelton, No. 5:08-CV-161, 2009 WL 2460986 (N.D.W. Va. Aug. 7, 2009) (unpublished); Perkins v. DeBoo, No. 1:08-CV-225, 2009 WL 1650443 (N.D.W. Va. June

11, 2009) (unpublished); West v. Fuseymore, No. 5:07-CT-3122-BO, 2008 WL 7663937 (E.D.N.C. Aug. 5, 2008) (unpublished), aff'd, 326 Fed. Appx. 153 (4th Cir. 2009) (per curiam) (unpublished); Mathis v. United States, No. 8:05-CV-3000-MBS, 2008 WL 2922798 (D.S.C. July 24, 2008) (unpublished).

Shorter concedes that BOP officials are law enforcement officers, but argues that section 2680(c) does not apply because the BOP did not "detain" his property. See Pl.'s Aff. in Opp'n ¶ 9; Pl.'s Mem. Opp'n 3. In support, Shorter cites defendant's statement that it "did not mishandle, lose or destroy — and did not detain — Plaintiff's personal property." Pl.'s Aff. in Opp'n ¶ 9 (citing Mem. Supp. 8).

Neither the Supreme Court, nor the Fourth Circuit, has defined "detention" under section 2680(c) as applied to a prisoner's property. In Ali, the Supreme Court "assume[d], without deciding, that the BOP officers 'detained' [the inmate's] property," and thus, did not define "detention" for purposes of section 2680(c). Ali, 552 U.S. at 218 n.2. The Supreme Court, however, broadly interpreted section 2680(c) to include claims for negligent storage or handling. See Kosak v. United States, 465 U.S. 848, 854 (1984).

The record demonstrates that the BOP did detain Shorter's property for at least some period of time before releasing the property to UPS. On April 16, 2007, during his pack-out, Shorter released his property to the BOP for shipment to Butner. See Compl. 3. The following day, Shorter transferred from Greenville. Id. at 4. The BOP gave the boxes to UPS for shipping. See Cox Decl. ¶ 8. On April 30, 2007, "[t]he boxes were shipped to FCI Butner II via the United Parcel Service." Id. On May 2, 2007, four of Shorter's boxes arrived at Butner. Compl. 4; Cox Decl. ¶ 9. Based on these uncontroverted facts, the BOP detained Shorter's property within the meaning of section 2680(c) and then provided them to UPS. See, e.g., Ikeliowu v. Nash, 324 Fed. Appx. 152, 152–53

(3d Cir. 2009) (per curiam) (unpublished); Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 389–91 (5th Cir. 2003) (per curiam); Carter v. United States, No. 1:06-CV-225, 2008 WL 747022, at *1–*2 (D. Vt. Mar. 19, 2008) (unpublished) (dismissing under section 2680(c) FTCA claim by federal inmate for personal property lost in shipping via UPS during prisoner transfer). As for Shorter's reliance on defendant's statement that it did not detain his property, the argument fails. Notably, defendant made the statement as part of an alternative argument that (1) the BOP did not detain the property, and (2) if it did, then the law-enforcement officer exception applied. See Def.'s Mem. 8–9. As discussed, the record demonstrates that the BOP detained the property. Thus, the United States retains its sovereign immunity from Shorter's claim under section 2680(c). Accordingly, this court lacks subject-matter jurisdiction and grants defendant's motion for summary judgment [D.E. 11].[2]

II.

In sum, the court lacks subject-matter jurisdiction under 28 U.S.C. § 2680(c) over plaintiff's FTCA claim and GRANTS defendant's motion for summary judgment [D.E. 11]. The Clerk of Court shall close the case.

SO ORDERED. This 12 day of July 2010.

JAMES C. DEVER III
United States District Judge

---

[2]The court does not address plaintiff's assertion that defendant's $100.00 settlement offer represented its acceptance of responsibility for his property loss. See Compl. 2; cf Fed. R. Evid. 408(a). Similarly, the court does not address defendant's contention that UPS accepted responsibility for plaintiff's loss by tendering a settlement offer. See Def.'s Mem. Supp. 8; cf. Fed. R. Evid. 408(a).

7